UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GENE A. H. ALLEN,<br><br>                Petitioner,<br>    v.<br>STATE OF NEVADA, *et al.*,<br><br>                Respondents. | Case No. 3:18-cv-00237-MMD-WGC<br><br>ORDER |

Petitioner has filed a habeas petition under 28 U.S.C. § 2241 without properly commencing the action by paying the filing fee or filing a complete pauper application. Although Petitioner submitted an application and a financial certificate, he did not submit his inmate account statements for the past six months. LSR 1-1 & 1-2.

Furthermore, the petition is subject to dismissal due to multiple jurisdictional defects.

First, Petitioner is in custody pursuant to a state court judgment of conviction.[1] Accordingly, the proper procedural vehicle for his petition is 28 U.S.C. § 2254, not § 2241. *Montue v. Dep't of Corr.*, 279 Fed. App'x 506, 507 (9th Cir. 2008) (unpublished disposition).

Second, the petition reflects no basis for Petitioner to bring an action against the U.S. Attorney General, Jeff Sessions. Although Petitioner claims to be subject to an ICE

///

---

[1] *See* http://167.154.2.76/inmatesearch/form.php (search for Petitioner indicates that he is still serving his state court sentence for lewdness with a minor); ECF No. 1 at 2 (indicating that Petitioner was denied parole on April 7, 2017).

detainer, any challenge to that hold is not cognizable in habeas.[2] *See Bederian v. Apker*, 2017 WL 880416, at *1 (E.D. Cal. Mar. 6, 2017); *Kha Minh Dang v. Short*, 2016 WL 1070811, at *3 (D. Or. Mar. 16, 2016).

Third, this Court does not have jurisdiction over an action brought against the State of Nevada. The state sovereign immunity recognized by the Eleventh Amendment bars suit against the State in federal court, regardless of the relief sought. *See, e.g., Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984).

Fourth, Petitioner appears to be asserting a violation of his Sixth Amendment right to counsel based on the performance of his court-appointed attorney in another, recently dismissed federal habeas proceeding, Case No. 3:14-cv-510-RCJ-VPC. (*See* ECF No. 1). In Case No. 3:14-cv-510, Petitioner challenged the Nevada Parole Board's denial of his release on parole. Petitioner was appointed counsel for that petition, and he argues in this petition that counsel was not acting in his best interests and refused to raise meritorious claims. However, there is no right to counsel in noncapital federal habeas proceedings, and thus the right to counsel guaranteed by the Sixth Amendment does not apply to Petitioner's federal habeas petition. *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). Petitioner's claim in this respect is therefore not cognizable in this action.

Fifth, Petitioner argues that his right to send mail and access the courts has been violated in connection with correspondence he sent to his attorney in Case No. 3:14-cv-510-RCJ-VPC. Apart from the fact Petitioner does not identify who violated these rights, such violations are also not cognizable in habeas as success on those claims would not necessarily lead to Petitioner's immediate or earlier release. *See Nettles v. Grounds*, 830 F.3d 922, 930-31 (9th Cir. 2016).

Sixth, Case No. 3:14-cv-510-RCJ-VPC was dismissed with prejudice for failure to prosecute. (*See* ECF No. 98 in Case No. 3:14-cv-510-RCJ-VPC). Thus, to the extent
///

---

[2] It does not actually appear that Petitioner is challenging the detainer, however.

the petition may be read to assert a challenge to Petitioner's denial of parole, the petition is successive. The Court lacks jurisdiction to consider a successive absent authorization by the Court of Appeals. 28 U.S.C. § 2244(b).

Finally, to the extent Petitioner intends his arguments as a basis for reconsideration of the dismissal of his petition in Case No. 3:14-cv-510-RCJ-VPC, those arguments are more properly raised in that case and not in a separate habeas action.

It therefore is ordered that this action shall be dismissed without prejudice.

It further is ordered that a certificate of appealability is denied. Jurists of reason would not find debatable whether the Court was correct in its dismissal of this action, for the reasons discussed herein.

It further is ordered, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, that the Clerk shall make informal electronic service upon respondents by adding Nevada Attorney General Adam P. Laxalt as counsel for respondents and directing a notice of electronic filing of this order to his office. No response is required from respondents other than to respond to any orders of a reviewing court.

The Clerk of Court shall send Petitioner a copy of all his papers in this action.

The Clerk of Court shall enter final judgment accordingly, dismissing this action without prejudice.

DATED THIS 24th day of May 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE